IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:07CV55-MU-1

| | |
|---|---|
| RICKY NELSON SPENCER, ) | |
| Plaintiff, ) | |
| v. ) | **O R D E R** |
| TERRY ELMORE, <u>et al.</u>, ) | |
| Defendants. ) | |

This matter is before the Court for an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. §1983, and Plaintiff's Motion for Truth Analyzer Tests, for Physical Inspection and Examination, for DNA Testing, both filed June 4, 2007

In a rambling, virtually incoherent, and lengthy Complaint, Plaintiff Ricky Spencer[1] appears to be alleging that the search and seizure which led to his arrest and state court conviction was unconstitutional. He also complains about the conduct of his attorney, the prosecutor,[2] and the judges in his criminal trial. Through this action, Plaintiff seeks to be released from prison and seeks to have 200 million dollars in damages awarded to him from each of the ten individuals or entities

---

[1] The Court notes that although Plaintiff lists Sheena Spencer as a co-plaintiff, her signature does not appear anywhere on the pleadings. Rule 11(a) of the Federal Rules of Civil Procedure requires "[e]very pleading, written motion, and other paper shall be signed . . . or, if the party is not represented by an attorney, shall be signed by the party." As Sheena Spencer has not signed any of the documents submitted in this case, she is not considered a party to this action.

[2] The Court notes that although Plaintiff complains about his conduct, Plaintiff does not list the district attorney as a defendant. If the district attorney were a defendant in this action he would be immune from suit. as the actions Plaintiff complains about are prosecutorial functions. <u>See</u> <u>Burns v. Reed</u>, 500 U.S. 478, 486 (1991).

he lists as defendants.

As an initial matter, neither the State of North Carolina nor Iredell County are proper defendants. A state is not a proper defendant in a § 1983 action and therefore North Carolina may not be sued under § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)(a state is not a "person" under § 1983). In addition, a county is only liable when the alleged unconstitutional action executes governmental policy or custom. See Monell v. Dep't Social Servs., 436 U.S. 658, 690-91 (1978). In the instant case, Plaintiff does not allege that it is the policy or custom of Iredell County to conduct unlawful search and seizures. As such, Plaintiff fails to establish Iredell County as a proper defendant.

In addition, Plaintiff's claims against Judge Spainhour and Judge Collier are dismissed based upon their immunity. Judges are immune from damages liability for judicial acts unless they are done in the clear absence of all jurisdiction. See Stump v. Sparkman, 435 U.S. 349 (1978). Plaintiff has not alleged any facts sufficient to support an allegation that these two judges acted in the clear absence of all jurisdiction. Consequently, the Court finds that these two judges are immune from liability in this matter.

Plaintiff also names his defense attorney, Roderick Wright, as a defendant. A defense attorney, whether a public defender or a privately retained attorney, are not state actors and therefore may not be sued pursuant to 42 U.S.C. § 1983. See In Polk County v. Dodson, 454 U.S. 312 (1981)(public defender); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976)(private criminal defense attorney). Accordingly, Plaintiff fails to state a claim under 42 U.S.C. § 1983 against Defendant Wright.

Finally, the Court notes that in any event, Plaintiff's Complaint is barred by the holding in Heck v. Humphrey, 512 U.S. 477 (1994). To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a prisoner must prove that the conviction or sentence was (1) reversed on direct appeal, (2) expunged by executive order, (3) declared invalid by a state tribunal authorized to make such a determination, or (4) called into question by a federal court's issuance of a § 2254 writ. Heck v. Humphrey, 512 U.S. 477 (1994). If the prisoner cannot make this showing, his claim is not cognizable. Thus, if the prisoner's claim would "necessarily imply" the invalidity of the prisoner's conviction or sentence, a district court should dismiss the §1983 action. Id. In the instant case, a ruling in Plaintiff's favor regarding his allegations concerning the allegedly unlawful search and seizure would necessarily imply the invalidity of Plaintiff's conviction. Plaintiff has not offered proof that he can satisfy any one of the requirements listed above and therefore he may not proceed with his claim.

As this Court is dismissing Plaintiff's Complaint for the reasons set forth above, Plaintiff's Motion for Truth Analyzer Tests, for Physical Inspection and Examination, for DNA Testing, is moot.

**IT IS THEREFORE ORDERED THAT;**

1. Plaintiff's Complaint is **DISMISSED** for failure to state a claim upon which relief can be granted; and

    2. Plaintiff's Motion for Truth Analyzer Tests, for Physical Inspection and Examination, for DNA Testing is **DENIED** as moot.

                                Signed: June 7, 2007

Graham C. Mullen
United States District Judge